IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHRISTINE ANDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGIA CHECK RECOVERY, INC. ) <br> and STEPHANIE Y. FULLER, individually, ) <br> ) <br> Defendants. ) | CIVIL ACTION <br><br> FILE NO. ___3:13-CV-135___ |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Christine Anderson ("Plaintiff") is a natural person.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Georgia Check Recovery, Inc. is a Georgia corporation and may be properly served with process via its registered agent for service of process, to wit:

Stephanie Y. Fuller, 190 Lower Jersey Road, Covington, Georgia 30014 (Walton County).

7. GCR is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. GCR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant Stephanie Y. Fuller ("Ms. Fuller") is an individual who is the owner of GCR, and at all relevant times, was engaged by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

10. Upon information and good-faith belief, as the owner of GCR, Ms. Fuller was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

11. Upon information and good-faith belief, as the owner of GCR, Ms. Fuller was personally involved in the collection of Plaintiff's debt.

12. Upon information and good-faith belief, as the owner of GCR, Ms. Fuller was materially involved in the collection of Plaintiff's debt.

13. Upon information and good-faith belief, as the owner of GCR, Ms. Fuller materially participated in GCR's debt collection activities.

14. Upon information and good-faith belief, as the owner of GCR, Ms. Fuller was involved in the day-to-day operations of GCR's debt collection business.

15. Upon information and good-faith belief, as the owner of GCR, Ms. Fuller exercised control over the affairs of GCR's debt collection business.

16.     Ms. Fuller is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than GCR.

18.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than GCR, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

19.     The alleged obligation arises from a returned personal check in the amount of $79.00, allegedly written on August 24, 2012 for the purchase of groceries (the "Debt").

20.     GCR uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.     In connection with the collection of the Debt, GCR sent Plaintiff written communication dated November 30, 2012 that stated, in relevant part:

THIRD NOTICE

Dear Sir or Madame,

You are hereby notified that check number 1029 issued by you on, 08/24/12 has been dishonored.  Our records indicate that this matter has not been resolved.  This above mentioned debt has been placed for collections with Georgia Check Recovery.
* * * *

> Unless this amount is paid in full in our office the holder of the check may assume that you delivered the instrument with the intent to defraud and the instrument may be turned over to a national database which is used by over 300,000 retail stores and financial institutions across North America and may be turned over to the proper authorities for prosecution.
> * * * *
> This is a serious matter and you are instructed to contact this office immediately to make a resolution on or before 12/05/2012.

(See November 30, 2012 Correspondence, attached as Exhibit A).

22. GCR's November 30, 2012 falsely represented that it was the "THIRD NOTICE" sent to Plaintiff, when upon information and good-faith belief, the November 30, 2012 communication was its initial communication with Plaintiff.

23. Upon information and good-faith belief, GCR failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.*, either in its November 30, 2012 initial communication with Plaintiff, or in writing within 5 days thereafter.

24. GCR's November 30, 2012 communication falsely represented or implied that Plaintiff had committed a crime by stating that "unless this amount is paid in full in our office the holder of the check may assume that [Plaintiff] delivered the instrument with the intent to defraud."

25. Further, GCR's November 30, 2012 communication threatened to take an action it did not intend to take by stating that Plaintiff may be turned over "for prosecution," when upon information and good-faith belief, GCR did not intend to take such action.

26. Plaintiff called GCR on December 8, 2012, and at such time, spoke with GCR's agent and/or employee.

27. During the conversation that ensued, GCR's agent and/or employee threatened Plaintiff that if no payments were made by December 9, 2012, GCR would get a warrant for Plaintiff's arrest.

28. During the December 8, 2012 conversation, GCR threatened to take an action it did not intend to take by stating that it will get a warrant for Plaintiff's arrest, when upon information and good-faith belief, GCR did not intend to take such action.

29. Plaintiff called GCR on December 9, 2012, and at such time, spoke with GCR's agent and/or employee "Ms. Rogers."

30. During the December 9, 2012 conversation, "Ms. Rogers" represented to Plaintiff that Plaintiff needed to make immediate payments towards the Debt by 9 P.M. that day, if Plaintiff "did not want to go to jail."

31. During the December 9, 2012 conversation, GCR falsely represented or implied that Plaintiff had committed a crime by stating that Plaintiff needed to make immediate payments if Plaintiff "did not want to go to jail."

32. In connection with the collection of the Debt, GCR, by and through its agent and/or employee "Ms. Rogers," placed a call to Plaintiff's residence on December 10, 2012 at 1:43 P.M., and at such time, left the following voicemail message:

> "This message is for Christine Anderson.  This is Ms. Rogers with Georgia Check Recovery.  I had spoke with you the other day.  If you could please give me a call back to 1-800-980-0405 regarding your account with us 523694."

33. In connection with the collection of the Debt, GCR, by and through its agent and/or employee "Ms. Evans," placed a call to Plaintiff's residence on December

13, 2012 at 11:41 A.M., and at such time, left the following voicemail message:

> "This is an urgent message for Christine Anderson. This is Ms. Evans with the office of Georgia Check Recovery. Please return my phone call before 3 P.M. eastern standard time today. This will be the final attempt that we make to contact you by phone or by any other means. It is very important that you return my call to 1-800-980-0405."

34. GCR's December 10, 2012 and December 13, 2012 voicemail messages failed to notify Plaintiff that the communication was from a debt collector.

35. By failing to disclose that the communication was from a debt collector, in its December 10, 2012 and December 13, 2012 voicemail messages, GCR failed to meaningfully disclose its identity to Plaintiff.

36. Further, GCR's December 13, 2012 voicemail message conveyed a false sense of urgency to Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

37. Plaintiff repeats and re-alleges each and every factual allegation contained above.

38. GCR violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

39. Ms. Fuller is personally liable for GCR's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of GCR's debt collection business, her responsibility for day-to-day supervision of GCR's debt collector employees, her personal involvement in the collection of Plaintiff's Debt, her material involvement in the collection of Plaintiff's Debt, and her exercise of control over

the affairs of GCR's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GCR violated 15 U.S.C. § 1692d(6);

b) Adjudging that Ms. Fuller is personally liable for the conduct of GCR;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)

40. Plaintiff repeats and re-alleges each and every factual allegation contained above.

41. GCR violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

42. Ms. Fuller is personally liable for GCR's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of GCR's debt collection business, her responsibility for day-to-day supervision of GCR's debt

collector employees, her personal involvement in the collection of Plaintiff's Debt, her material involvement in the collection of Plaintiff's Debt, and her exercise of control over the affairs of GCR's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GCR violated 15 U.S.C. § 1692e(5);

b) Adjudging that Ms. Fuller is personally liable for the conduct of GCR;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(7)

43. Plaintiff repeats and re-alleges each and every factual allegation contained above.

44. GCR violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff.

45. Ms. Fuller is personally liable for GCR's conduct, absent the need to pierce

the corporate veil, as a result of her involvement in the day-to-day management of GCR's debt collection business, her responsibility for day-to-day supervision of GCR's debt collector employees, her personal involvement in the collection of Plaintiff's Debt, her material involvement in the collection of Plaintiff's Debt, and her exercise of control over the affairs of GCR's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GCR violated 15 U.S.C. § 1692e(7);

b) Adjudging that Ms. Fuller is personally liable for the conduct of GCR;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)

46. Plaintiff repeats and re-alleges each and every factual allegation contained above.

47. GCR violated 15 U.S.C. § 1692e(10) by using false representations or

deceptive practices in connection with the collection of the Debt, including, but not limited to: misrepresenting that its November 30, 2012 communication was the "THIRD NOTICE" sent to Plaintiff, when upon information and good-faith belief, its November 30, 2012 communication was its initial communication; misrepresenting or implying that Plaintiff had committed a crime; threatening that Plaintiff may be turned over "for prosecution," when upon information and good-faith belief, it did not intend to take such action; and, conveying a false sense of urgency to Plaintiff.

48.    Ms. Fuller is personally liable for GCR's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of GCR's debt collection business, her responsibility for day-to-day supervision of GCR's debt collector employees, her personal involvement in the collection of Plaintiff's Debt, her material involvement in the collection of Plaintiff's Debt, and her exercise of control over the affairs of GCR's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that GCR violated 15 U.S.C. § 1692e(10);
   b) Adjudging that Ms. Fuller is personally liable for the conduct of GCR;
   c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;
   d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
   e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(11)

49. Plaintiff repeats and re-alleges each and every factual allegation contained above.

50. GCR violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

51. Ms. Fuller is personally liable for GCR's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of GCR's debt collection business, her responsibility for day-to-day supervision of GCR's debt collector employees, her personal involvement in the collection of Plaintiff's Debt, her material involvement in the collection of Plaintiff's Debt, and her exercise of control over the affairs of GCR's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GCR violated 15 U.S.C. § 1692e(11);

b) Adjudging that Ms. Fuller is personally liable for the conduct of GCR;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
### VIOLATION OF 15 U.S.C. § 1692g(a)

52. Plaintiff repeats and re-alleges each and every factual allegation contained above.

53. GCR violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.*, either in its initial communication with Plaintiff, or in writing within 5 days thereafter.

54. Ms. Fuller is personally liable for GCR's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of GCR's debt collection business, her responsibility for day-to-day supervision of GCR's debt collector employees, her personal involvement in the collection of Plaintiff's Debt, her material involvement in the collection of Plaintiff's Debt, and her exercise of control over the affairs of GCR's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GCR violated 15 U.S.C. § 1692g(a);

b) Adjudging that Ms. Fuller is personally liable for the conduct of GCR;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 29, 2013.

Respectfully submitted,

s/ Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
PO Box 4989
Atlanta, GA 30302-4989
(888) 595-9111 ext. 250
(866) 382-0092 (fax)
cehrlich@attorneysforconsumers.com